UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER D. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 03 C 4571 |
| ) | |
| KENNETH BRILEY, Warden, ) | Judge Rebecca R. Pallmeyer |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner is currently incarcerated at the Stateville Correctional Center in Joliet, Illinois. His incarceration, and this petition, arose out of a series of convictions during the 1980s. In 1981, Petitioner was convicted of armed robbery (Case No. 81 CF 101) and attempted escape (Case No. 81 CF 158) in the Circuit Court of Jackson County, and sentenced to concurrent 30-year and 3-year terms of imprisonment. In 1983, while serving these terms, Petitioner was convicted of escape (Case No. 83 CF 34), for which he was sentenced to a 7-year prison term. As required by Illinois law for escape convictions, the court ordered this 7-year term to be served consecutively, rather than concurrently, to Petitioner's earlier sentences. 730 ILCS 5/5-8-4(g).

Petitioner was also convicted in 1989, again while incarcerated, for unlawful possession of a weapon by a felon while in prison (Case No. 88 CF 112), and two counts of possession of contraband in a penal institution (Case No. 89 CF 12). The Circuit Court of Livingston County sentenced Petitioner to a 12-year term of imprisonment for the firearm conviction, and two 3-year terms of imprisonment for the contraband convictions. Again, the court adhered to a state statute in ordering these terms to be served consecutively to the 7-year escape sentence. 730 ILCS 5/5-8-4(f).

Petition did not appeal his 1983 conviction for escape.[1] He did appeal his 1989 convictions, but they were affirmed on September 13, 1991, *People v. Johnson*, 217 Ill. App. 3d 1111, 626 N.E.2d 792 (1st Dist. 1991) (unpublished order denying appeal), and the Illinois Supreme Court denied petition for leave to appeal. *People v. Johnson*, 142 Ill. 2d 659, 584 N.E.2d 135 (1991) (unpublished order denying petition for leave to appeal).

On November 20, 1990, Petitioner filed a petition for habeas corpus in the United States District Court for the Central District of Illinois. In the petition, he challenged his 1989 conviction for unlawful possession of a firearm while in prison (Case No. 88 CF 112), claiming that he was denied effective assistance of counsel and a fair and impartial jury. *Johnson v. McGinnis*, No. 90-2384, slip op., at 1-2 (C.D. Ill. Sept. 8, 1993). Specifically, Petitioner claimed that his trial counsel failed to challenge the inclusion of an employee of the Illinois Department of Corrections in his jury pool. Petitioner claimed, further, that the Department of Corrections contacted the juror in question before the trial, instructing her to return a guilty verdict. The court denied habeas relief on September 8, 1993, concluding that the inclusion of the juror occurred at Petitioner's insistence and that Petitioner had presented no evidence supporting his claim of jury tampering by the Department of Corrections. *Id.* slip op., at 5-8.

On March 21, 2001, Petitioner filed a petition for habeas corpus in the Circuit Court of Will County, alleging that his 1983 and 1989 convictions violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The trial court granted the state's motion to dismiss the petition on December 14, 2001, (Order of the Circuit Court of Will County, No. 01 MR 217 (Dec. 14, 2001); Ex. C to Respondent's Motion to Dismiss), and the appellate court affirmed. (Order of the Illinois Appellate Court, *Johnson v. Briley*, No. 3-02-0015 (3d Dist. Dec. 14, 2002); Ex. D to Respondent's Motion to

---

[1] Respondent concluded that no such appeal was taken after contacting the Clerk of the Illinois Appellate Court, Fifth District. (Respondent's Motion to Dismiss, at 3.) Petitioner does not contest this assertion.

2

Dismiss.) The Illinois Supreme Court subsequently denied petition for leave to appeal on February 27, 2003. (Order of the Illinois Supreme Court, *Johnson v. Briley*, No. 95035 (Feb. 5, 2003); Ex. E to Respondent's Motion to Dismiss.)

On July 1, 2003, Petitioner filed his current habeas petition challenging his 1983 and 1989 convictions. In his petition, he argues that the Illinois statutes imposing mandatory consecutive sentences violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000), insofar as the statutes had the effect of enhancing his sentence without providing him an opportunity to dispute the fact of incarceration or have that fact submitted to a jury and proven beyond a reasonable doubt. In an earlier order dated July 1, 2003, the court dismissed the petition regarding Petitioner's conviction for unlawful possession of a firearm while in prison (Case No. 88 CF 112) as successive in light of his earlier habeas petition challenging that conviction. *Johnson v. Briley*, No. 03 C 4571, Doc. No. 30 (N.D. Ill. May 19, 2004) (order dismissing petition in part). In addition, on July 14, 2003, the court noted that *Apprendi* has not been held to apply retroactively, and ordered Petitioner to show cause why his petition should not be dismissed on this ground. *Johnson v. Briley*, No. 03 C 4571, Doc. No. 8 (N.D. Ill. July 14, 2003).

Respondent now moves to dismiss this petition. He argues that the petition is untimely under section 2244(d)(1) of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and, in the alternative, that the petition should be denied because the *Apprendi* decision is not retroactive to cases on collateral review. For the reasons explained below, the petition is dismissed as untimely.

## DISCUSSION

### I. Statute of Limitations

Under section 2244(d) of AEDPA, "[a] one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

3

court." 28 U.S.C. § 2244(d)(1). The limitations period begins on the latest of: (1) the conclusion of direct review or expiration of the time for seeking such review; (2) the date on which any unlawful impediment to filing the application posed by the State is removed; (3) the date on which the asserted constitutional right is first recognized by the Supreme Court, if the right has been made retroactive to cases on collateral review; or (4) the date on which the factual predicate to the presented claim could have been discovered. *Id.* § 2844(d)(1)(A)-(D).

This one-year statute of limitations did not come into effect until the passage of AEDPA on April 24, 1996, over four years after the Illinois courts had denied Petitioner's direct appeal.[2] In order to prevent unfairness in such cases, the Seventh Circuit granted a one-year grace period in which Petitioners whose convictions became final prior to enactment of AEDPA could bring petitions for habeas relief. *Lindh v. Murphy*, 96 F.3d 856, 865-66 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). Thus, the newly enacted statute of limitations did not act to bar petitions related to convictions finalized before the passage of AEDPA until April 24, 1997. *Id.* at 866.

Petitioner did not file his first petition for habeas relief in the Illinois courts until March 21, 2001, and he filed his petition to this court on July 1, 2003, both well outside the statutory limit. Nevertheless, Petitioner urges that his petition is not time-barred under AEDPA because the constitutional right under which he is proceeding was not established until the Supreme Court's *Apprendi* decision on June 26, 2000. Under the Act, the statute of limitations does not run until "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Thus, if the right asserted by Petitioner is newly

---

[2] As discussed above, Petitioner's final appeal in state court was denied on December 4, 1991. *People v. Johnson*, 142 Ill. 2d 659, 584 N.E.2d 135 (1991) (unpublished order denying petition for leave to appeal).

4

recognized and applied retroactively on collateral review, his petition is timely.

The constitutional right that Petitioner invokes was indeed newly recognized in *Apprendi*, *Ashley v. United States*, 266 F.3d 671, 672 (7th Cir. 2001) ("[n]o one could doubt that *Apprendi* 'newly' or 'initially' recognizes a constitutional right"), but the Seventh Circuit has held that the decision is not retroactive to claims on collateral review. *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002) (*Apprendi* "does not disturb sentences that became final before June 26, 2000, the date of its release."). Moreover, *Blakely v. Washington*, 542 U.S. __, 124 S.Ct. 2531 (2004), which Petitioner cites in his response to the motion to dismiss, and *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005), which addressed the Sixth Amendment's application to the U.S. Sentencing Guidelines, do not apply retroactively. *See, e.g., McReynolds v. United States*, __ F.3d __, 2005 WL 237642, at *2 (7th Cir. Feb. 2, 2005) (No. 04-2520, 04-2632, 04-2844); *United States v. Davis*, 348 F. Supp. 2d 964 (N.D. Ind. 2004). As a result, Petitioner's claims do not fall within section 2244(d)(1)(C), and his failure to file prior to the end of the April 24, 1997 grace period dooms the petition. Having brought his initial state habeas petition in March 2001, and the current petition in July 2003, his petition falls outside of the one-year limitations window. The fact that the statute of limitations may have been tolled between March 21, 2001, when Petitioner filed his state habeas petition, and February 5, 2003, when the Illinois Supreme Court denied petition for leave to appeal the denial of habeas relief, thus does not save Petitioner, as the federal statute of limitations expired before Petitioner brought his state habeas petition.

Finally, Petitioner does not contend, nor can he, that his claims fall within the fourth "exception" to the one-year statute of limitations, which runs from the date on which the factual predicate of the presented claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). In this case, the factual predicate–application of the statutes mandating consecutive sentences--was immediately apparent upon Petitioner's conviction and sentencing. Moreover, this provision is limited to factual, not legal, discoveries. The Seventh Circuit has

5

concluded that "the trigger in ¶ 2244(d)(1)(D) is (actual or imputed) discovery of the claims 'factual predicate,' not recognition of the fact's legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Thus, the *Apprendi* decision cannot serve as a newly discovered "factual predicate" extending the beginning of the limitations period. *See, e.g., Escamilla v. Walls*, No. 00 C 3270, 2004 WL 2339321, *2 (N.D. Ill. Oct. 14, 2004) (holding that § 2244(d)(1)(D) is triggered "when the prisoner could have discovered the evidentiary facts or events underlying a claim, is not triggered upon court rulings or legal consequences of the fact").

## **CONCLUSION**

Petitioner's motion for appointment of counsel is denied (Docket No. 31-1) and Respondent's motion to dismiss the habeas petition is granted (Docket No. 32-1). This petition is denied.

ENTER:

Dated: February 7, 2005

REBECCA R. PALLMEYER
United States District Judge